IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

SHERATON JEROME SMITH,              *
#211 796
    Plaintiff,                              *

    v.                                           *           2:06-CV-1127-WKW
                                                             (WO)
ALABAMA DEPT. OF                        *
CORRECTIONS, *et al*.,
                                                 *
    Defendants.

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se,* files this 42 U.S.C. § 1983 complaint alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by the conduct and/or actions of Defendants. The named defendants are the Alabama Department of Corrections and Correctional Officer Williams. Plaintiff seeks declaratory relief. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

Plaintiff alleges that during service of the lunch meal on December 4, 2006 around

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

10:15 a.m., Officer Williams spilled juice inside his cell. Approximately seven minutes later, as Officer Williams was closing Plaintiff's food slot, Plaintiff complains that Officer Williams refused to provide him with medical attention for his complaints of a cut on his ankle caused by wearing leg shackles during his morning walk. (Doc. No. 1 at pgs. 2-3.)

## II.  DISCUSSION

*A.  The Alabama Department of Corrections*

The Alabama Department of Corrections is not subject to suit or liability under § 1983. The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Thus, Plaintiff's claims against the Alabama Department of Corrections are "based on an indisputably meritless legal theory," and are, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B.  Officer Williams*

   *i.  Spilled Juice*

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Conlogue v. Shinbaum,* 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991). Here, Plaintiff's claim that Officer Williams spilled juice in his cell, at best, shows only a lack of due care by a prison official which is not actionable under 42 U.S.C. § 1983. The protections of the Constitution "are just not triggered by lack

of due care by prison officials." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333 (1986). In light of the foregoing, the court concludes that this claim is subject to dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

*ii. Ankle Injury*

Plaintiff's claim of inadequate medical care is subject to dismissal based on the facts alleged in the complaint. In order to state a claim under 42 U.S.C. § 1983 based on a failure to provide adequate medical treatment, Plaintiff must allege that he has a serious medical condition and that prison officials are deliberately indifferent to his needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000). A "serious medical need" is one which has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the need for a doctor's attention. *Laamon v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977); *see also Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991) (injury or condition is serious if it is "life threatening or pose[s] a risk of needless pain or lingering disability if not treated at once."); *Anderson-El v. O'Keefe*, 897 F. Supp. 1093, 1097 (N.D.Ill.1995) (pretrial detainee's scratch on chest was not sufficiently serious). This standard reflects society's belief that prisoner's have no constitutional entitlement to unqualified access to health care. *Estelle*, 429 U.S. at 103-104.

Deliberate indifference is demonstrated only where prison or medical personnel consciously disregard a substantial risk of serious harm to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Furthermore, it is the necessity of the medical

treatment sought and not the desirability of such treatment which is determinative of whether medical officials have exhibited deliberate indifference. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992); *Hamm v. DeKalb County*, 774 F.2d. 1567, 1575 (11th Cir. 1985); *see also Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188-89 (11th Cir. 1994), *abrogated on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 (2002). (claims that specific medical procedures have been impermissibly delayed requires an inmate to put verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment). A showing of negligence, neglect, or medical malpractice is also insufficient to establish a constitutional violation. *Rogers v. Evans*, 792 F.2d 1052 (11th Cir. 1986); *see also Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979).

Officer Williams' failure to obtain medical attention for the cut on Plaintiff's ankle during service of the lunch meal, without more, fails to state a violation of Plaintiff's constitutional rights as the court finds that Officer Williams' conduct does not rise to the level of deliberate indifference to a serious medical need based on the facts as alleged in the complaint. Further, Plaintiff has not alleged much less indicated that any delay in providing him with medical services or medical care for his stated injury resulted in any detrimental effect. *Hill*, 40 F.3d at 1188-89. In light of the foregoing, the court concludes that this claim is due to be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke*, 490 U.S. 319.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **March 12, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 28th day of February 2007.

/s/ Terry F. Moorer
TERRY F. MOORER

UNITED STATES MAGISTRATE JUDGE